UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 351 PENSION FUND, *et al.*,<br><br>     Plaintiffs,<br><br> v.<br><br>GLNETWORK, INC.,<br><br>     Defendant. | Civ. Action No. 20-02703 (FLW)<br><br>**ORDER** |

 **THIS MATTER** having been opened to the Court upon a Motion for Default Judgment (the "Motion") pursuant to Federal Rule of Civil Procedure 55(b)(1) against defendant GLNetwork, Inc. ("Defendant" or "GLNetwork"), by W. Daniel Feehan, Esq., counsel for plaintiffs, Trustees of the IBEW Local 351 Pension Fund, IBEW Local 351 Surety Fund, IBEW Local 351 Welfare Fund, IBEW Local 351 Joint Apprenticeship and Training Committee, and South Jersey Electrical Workers Temporary Disability Fund ("Funds"), and IBEW Local Union No. 351 (the "Local") (collectively, "Plaintiffs"); it appearing that Defendant has not opposed the Motion; the Court, having reviewed Plaintiffs' submissions in connection with their Motion, pursuant to Federal Rule of Civil Procedure 78, makes the following findings:

### FACTUAL BACKGROUND

1. At all times relevant hereto, non-party Greenlite Networks, Inc. ("Greenlite") was party to, and agreed to abide by, the terms and conditions of an Inside Agreement ("Agreement") between Greenlite and the Local. ECF No. 17-1 Ex. A. Timothy McGrath, who at that time was the managing member of Greenlite, executed a Letter of Assent on behalf of Greenlite agreeing to "comply with, and be bound by, all of the provisions contained in [the

Agreement]." ECF No. 17-1 ¶9 and Ex. C.

2. On April 5, 2017, Plaintiffs filed a Complaint against Greenlite in the United States District Court for the District of New Jersey, Civ. Action No. 3:17-cv-02282-BRM-TJB, seeking to collect delinquent employee contributions and penalties. Plaintiffs alleged that Greenlite failed to remit certain fringe benefit contributions and "dues check-offs"—which are the automatic deductions of union dues from an employee's paycheck—for the period of March 1, 2016 through August 31, 2016. Although Greenlite ultimately remitted the delinquent contributions on December 21, 2016, Plaintiffs alleged that Greenlite failed to remit payment of the penalties. In addition, Plaintiffs alleged that Greenlite failed to remit dues check-offs owed under the Agreement for the periods of October 1–31, 2013, and April 1 through July 31, 2016. On March 29, 2018, the Hon. Brian R. Martinotti, U.S.D.J., entered a Default Judgment in the amount of $7,529.17 against Greenlite. Civ. Action No. 3:17-cv-02282-BRM-TJB, ECF No. 12 ("March 29, 2018 Default Judgment Order"). Greenlite failed to satisfy the Default Judgment.

3. Plaintiffs allege that Greenlite has since ceased business operations and that Defendant GLNetwork assumed Greenlite's operations, contracts, customers, employees, equipment, and liabilities. ECF No. 17-1 ¶12. According to Plaintiffs, McGrath is also the managing member and principal shareholder of GLNetwork. *Id.* ¶¶9, 11. On January 11, 2018, McGrath executed a Letter of Assent with the Local on behalf of GLNetwork, agreeing to "comply with, and be bound by, all of the provisions contained in" the same Inside Agreement as was at issue in the Letter of Assent McGrath had signed on behalf of Greenlite. *Id.* ¶10 and Ex. D.

4. Plaintiffs allege that Defendant GLNetwork is a mere legal continuation of Greenlite and that, as "an alter ego employer, single employer or double-breasted employer, Defendant

|     | |
| --- | --- |
|     | GLNetwork is bound to the parties' Agreement between the Union and Greenlite." *Id.* ¶¶16–17. |
| 5.  | On March 12, 2020, Plaintiffs filed a Complaint in the instant action seeking to collect from GLNetwork the $7,529.17 in unpaid contributions and penalties awarded against Greenlite in the March 29, 2018 Default Judgment Order. In Count One, Plaintiffs allege that GLNetwork is the alter ego and/or successor to, and has acted as a single employer with, Greenlite; that the delinquencies Greenlite owes constitute prohibited transactions pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1106(a)(1)(B); that the failure to pay such delinquencies violates ERISA under 29 U.S.C. § 1145; that Plaintiffs bring their claim pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, which authorizes suits in any United States District Court for "violation of contracts between an employer and a labor organization"; and that pursuant to 29 U.S.C. § 1132(g)(2), the Court must award all unpaid benefit contributions, interest, liquidated damages up to or exceeding 20%, and reasonable attorneys' fees and costs. In Count Two, Plaintiffs request an order that GLNetwork pay outstanding dues check-offs owed by Greenlite to Plaintiffs. And in Count Three, Plaintiffs seek a declaratory judgment that the Agreement is binding upon GLNetwork and that GLNetwork is obligated to perform all obligations to the Funds under the Agreement. |
| 6.  | Service of the Summons and Complaint was ultimately made on GLNetwork on December 4, 2020 by personally serving the Secretary of State of the State of New Jersey. *Id.* ¶19. Plaintiffs attached the Proof of Service to the instant Motion. *Id.* Ex. F. Defendant GLNetwork has not filed a responsive pleading. |
| 7.  | Plaintiffs filed the instant Motion for Default Judgment on June 16, 2021, seeking to collect $7,529.17 in unpaid contributions and penalties from Defendant GLNetwork, which is the |

amount awarded against Greenlite under the March 29, 2018 Default Judgment Order, as well as post-judgment interest in the amount of $507.80, and attorneys' fees and costs in the amount of $3,801.67, for a total judgment of $11,838.64. Plaintiffs did not move for default judgment on Count Three. Defendant has not opposed the motion or entered an appearance.

## LEGAL STANDARD

8. The Court may enter default judgment under Federal Rule of Civil Procedure 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n. 9 (3d Cir.1990)). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on a motion for default judgment, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* at 535–36 (internal quotations and citations omitted); *see also DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) ("Where the court enters a default judgment, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks and citations omitted).

9. In addition to determining that the movant has stated a legitimate cause of action and established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v.*

*N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *See Joe Hand Promotions, Inc. v. Batra*, Civ. No. 15-5863, 2017 WL 838798, at *2 (D.N.J. Mar. 2, 2017).

## DISCUSSION

10. First, the preliminary requirements for entry of default judgment are satisfied. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because the Complaint raises a federal question insofar as Plaintiffs seek to recover unpaid contributions, interest on the unpaid contributions, and reasonable attorneys' fees, pursuant to ERISA, 29 U.S.C. § 1132(g)(2) and § 1145. Further, Defendant is a New Jersey resident and was properly served in accordance with the Federal Rules of Civil Procedure. This suffices for personal jurisdiction. Defendant has not answered the Complaint and Default has been entered against it.

11. Second, the Court must determine whether Plaintiffs' Complaint states a claim against Defendant. In conducting this inquiry, the Court accepts as true Plaintiffs' well-pleaded factual allegations while disregarding their mere legal conclusions. *See Directv, Inc. v. Asher*, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006). Here, there is no issue concerning Plaintiffs' entitlement to the $7,529.17 awarded against Greenlite in the March 29, 2018 Default Judgment Order. Rather, the only outstanding legal issue is whether Plaintiffs may seek to recover from GLNetwork, as Greenlite's alter ego or successor, the unpaid contributions awarded in the March 29, 2018 Default Judgment Order against Greenlite.

12. The purpose of the "alter ego doctrine is [] to prevent employers from evading their

5

obligations under labor laws and collective bargaining agreements . . . [by] making 'a mere technical change in the structure or identity of the employing entity . . . without any substantial change in its ownership or management.'" *N.J. Bldg. Laborers' Statewide Pension Fund and Trs. Thereof v. Richard A. Pulaski Constr.*, 322 F. Supp. 3d 546, 554–55 (D.N.J. 2018) (quoting *NLRB v. Hosp. San Rafael, Inc.*, 42 F.3d 45, 51 (1st Cir.1994)). "In applying the alter ego doctrine," the Court must determine whether Greenlite and GLNetwork "have 'substantially identical management, business purpose, operation, equipment, customers, and supervision, as well as ownership.'" *Id.* at 555 (quoting *Stardyne, Inc. v. NLRB*, 41 F.3d 141, 146 (3d Cir. 1994)). Plaintiffs need not establish each factor in order for the Court to conclude "that alter ego status should be applied." *Stardyne*, 41 F.3d at 146. An "intent to evade responsibilities under [ERISA]" is another factor the Court may consider in determining alter ego status, but it is not required. *See id.* at 146–47 (internal quotation marks and citations omitted).

13. Here, Plaintiffs have adequately established that GLNetwork is the alter ego to Greenlite. Plaintiffs have established that there is substantially identical management, ownership, and supervision based on the allegations that McGrath is the managing member or partner of both Greenlite and GLNetwork, that McGrath signed the Letters of Assent with the Local on behalf of both entities, and that McGrath is the principal shareholder of GLNetwork. ECF No. 17-1 ¶¶4, 9–10 and Exs. C and D. Plaintiffs have also established a common business purpose given that GLNetwork is—and Greenlite was—involved in the electrical business in New Jersey. *See* ECF No. 17-1 ¶11 and Exs. C and D (indicating that Greenlite and GLNetwork were both in the electrical services business). Based on these factors, Plaintiffs have demonstrated that the Court may enforce against GLNetwork the unpaid contributions awarded against Greenlite in the March 29, 2018 Default

Judgment Order.

14. Third, the discretionary factors weigh in favor of entering a default judgment.

15. Defendant has not opposed Plaintiffs' Motion for Default Judgment, and therefore, the current record does not indicate that Defendant has any meritorious defense. *See Malibu Media, LLC v. Deleon*, Civ. No. 15-3855, 2016 WL 3452481, at *3 (D.N.J. June 20, 2016) ("The Court may presume that a defendant who has failed to plead, defend, or appear has no meritorious defense."). Accordingly, this factor weighs in favor of granting default judgment.

16. With respect to prejudice, this factor is satisfied because if the Court does not grant default judgment, Plaintiffs will be left without recourse to remedy their injury. *See Joe Hand Promotions, Inc. v. Old Bailey Corp.*, Civ. No. 16-9207, 2018 WL 1327108, at *2 (D.N.J. March 15, 2018); *Joe Hand Promotions, Inc. v. Batra*, Civ. No. 15-5863, 2017 WL 838798, at *3 (D.N.J. Mar. 2, 2017) ("[W]ithout a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by Defendants.").

17. Finally, Defendant's culpability weighs in favor of entering default judgment. Greenlite failed to participate in the initial round of litigation, and GLNetwork has failed to participate in the current round. Neither defendant entered an appearance, and both entities have failed to comply with multiple court orders. Thus, Defendant is culpable for the default. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984) ("Reckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard."). As a result, the Court finds that the entry of default judgment is appropriate.

## DAMAGES

18. With respect to damages, the allegations in Plaintiffs' Complaint are not treated as true

upon entry of a default judgment. *Bds. of Trs. of Operating Eng'rs Local 825 Welfare Fund v. Robert Silaey Landscaping. Inc.*, Civ. No. 06-1795, 2006 WL 3308578, at *3 (D.N.J. Nov. 13, 2006) ("*825 Welfare Fund*"). A court may conduct hearings to determine the amount of damages or may decline to hold such hearings, "particularly where the amount claimed [is] capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* at **3–4 (internal quotations omitted).

19. Here, Plaintiffs' damages are sufficiently ascertainable from the record such that the Court need not hold a hearing. The $7,529.17 in unpaid contributions and penalties is sufficiently ascertainable based on the March 29, 2018 Default Judgment Order finding Plaintiffs are entitled to that amount. Plaintiffs have also adequately established that they are entitled to post-judgment interest in the amount of $507.80. *See* 29 U.S.C. § 1132(g)(2)(B) (providing that in an action "by a fiduciary for or on behalf of a plan to enforce section 1145 of [ERISA] in which a judgment in favor of the plan is awarded, the court shall award the plan . . . interest on the unpaid contributions"); 28 U.S.C. § 1961(a) (providing that interest on a judgment "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment"); ECF No. 17-1 Ex. G (calculating post-judgment interest in accordance with 28 U.S.C. § 1961(a)).

20. Finally, Plaintiffs have established that they are entitled to attorneys' fees and costs in the amount of $3,801.67. *See* 29 U.S.C. § 1132(g)(2)(D) (providing that in an action "by a fiduciary for or on behalf of a plan to enforce section 1145 of [ERISA] in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable

8

attorney's fees and costs of the action, to be paid by the defendant"). Plaintiffs submitted exhibits demonstrating that attorney W. Daniel Feehan expended approximately 8.5 hours at a rate of $175 for a total of $1,488 in fees, and that paralegals Diane Harman and Jeanne Fitzgerald collectively expended approximately 17.5 hours at a rate of $90 for a total of $1,575 in fees, totaling $3,063 in attorneys' fees. ECF No. 17-1 Exs. H and I.[1] Plaintiffs also submitted exhibits establishing $738.67 in costs. *Id.* Accordingly, Plaintiffs have established that they are entitled to $3,801.67 in fees and costs. *See 825 Welfare Fund*, 2006 WL 3308578, at *4 (awarding attorneys' fees and costs on motion for default judgment based on similar submissions).

Accordingly, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 29th day of November, 2021,

**ORDERED** that final judgment by default pursuant to Fed. R. Civ. P. 55(b)(1) is hereby entered in favor of Plaintiffs against Defendant GLNetwork, Inc., in the amount of $11,838.64.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

---

[1] The Court notes that counsel did not take the time to add up the individual hours submissions listed in its exhibits, instead only listing each individual time entry and the associated rate. As such, the Court had to independently calculate the number of hours expended at each rate. Nevertheless, the total hours expended at each billing rate are ascertainable from Plaintiffs' submissions, which entitle Plaintiffs to the attorneys' fees and costs requested.